Rossell J.
dissented. He thought the design, as well as well as construction of the statute {Bloom. 68) prohibited this court from allowing costs to the plaintiff, upon the reversal of a judgment on certiorari.
Southard J.
I understand that the bill of costs, *124 which has been taxed on the writ of restitution, issued this case, has since the argument, been corrected by the parties, according to the ideas of the Chief Justice, and that no further difficulty exists between them as to its amount; and that, the only question which remains, is, whether a plaintiff in certiorari, who has obtained a reversal of the judgment, and has issued a writ of restitution, is entitled to costs upon that writ ? I unite in the opinion that he is. It is a general principle, that the prevailing party in suits, in all courts of law, is entitled to costs, (a) Express provision is necessary, to prevent his obtaining them in any case. I find no such provision here. The statute {Bloom. 68) which forbids the plaintiff in certiorari from recovering costs, is confined to the reversal of the judgment. This is altogether a subsequent proceeding; a proceeding neither within the words nor the spirit of the law ; and by no correct construction, can be brought within its operation. If, when a judgment is reversed in this court, the party will not restore What he has received under that judg*ment, and which he has no longer any' right to hold; justice requires that he should be compelled to satisfy the other party for the costs to which he may be put in enforcing its restoration.
By the Court.
' Let costs be taxed upon the writ of restitution, in favour of the plaintiff in certiorari.

 Montgomery vs. Bruere, 6 Hal. 168. Stiers vs. Stiers, Spen. 56. Reeve vs. Eft, 2 Vr. 144. State, Brittin vs. Blake, 7 Vr. 444.